IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


RICHARD DEVAUGH,[1]                 :
                                    :
          Plaintiff                 :        CIVIL NO. 3:CV-14-1833
                                    :
     v.                             :
                                    :        (Judge Conaboy)
                                    :
DEPARTMENT OF JUSTICE, ET AL.,      :
                                    :
          Defendants                :
_____

**MEMORANDUM**
**Background**

     Richard DeVaugh, an inmate presently confined at the Canaan

United States Penitentiary, Waymart, Pennsylvania (USP-Canaan),

initiated this pro se civil rights action "pursuant 42 U.S.C. §

1983 Bivens."[2]  Doc. 1, p. 1.  Plaintiff has also filed a request

for leave to proceed in forma pauperis.  See Doc. 6.

     Named as Defendants are the United States Department of

Justice and the following USP-Canaan officials: Case Manager

Pikulski; Unit Manager Gubbiotti; Records Office Supervisor

---

     [1]  The Plaintiff's name is at times listed as being DeVaughn.

     [2]  Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition
that "a citizen suffering a compensable injury to a
constitutionally protected interest could invoke the general
federal question jurisdiction of the district court to obtain an
award of monetary damages against the responsible federal
official." Butz v. Economou, 438 U.S. 478, 504 (1978).

1

Trently; and Records Office Assistant/Case Manager Coordinator Hugar.  According to the Complaint and accompanying exhibits, on October 22, 2013, Plaintiff informed Case Manager Pikulski that the Defendant needed to contact the United States Parole Commission (Parole Commission) regarding a parole warrant/detainer before Plaintiff's new criminal sentence expired.

During a January 22, 2014 meeting, Devaugh allegedly asked Pikulski about the parole warrant and was informed that the Defendant was going to "put a package together" and send it to the Parole Commission.  See  Doc. 1, p. 2.  In early March, 2014, Plaintiff again purportedly spoke with Pikulski and the Defendant told the inmate to meet with him with the following week so that a parole package could be prepared and sent to the Parole Commission. Devaugh asserts that he showed Pikulski a "detainer action letter' that he received on March 3, 2013 and which "explained that the Parole Commission should be notified sixty days prior to the expired date of the new sentence." Id.  According to the Complaint, the parties had a disagreement as to what action needed to be taken.

The Complaint next asserts that Plaintiff sent a copy of the aforementioned detainer letter to Inmate Systems Manager Trently during March, 2014 and was informed by that Defendant that he would be scheduled to be seen by Parole Commission.  The Plaintiff also contends that he subsequently discussed the matter with Defendants Hugar and Pikulski and was told that the prison's records office

2

had the responsibility of sending the required letter to the Parole Commission.  Despite all those efforts, Plaintiff maintians that "the detainer action letter was never processed."  <u>Id</u>. at pp.2-3.

DeVaugh states that two months after his new sentence expired on April 30, 2014, he refused to sign a parole application because the time for the parole violation charge was up.  He concludes that due to the actions and non-action of the USP-Canaan Defendants his continued detention is unlawful and excessive.  The Complaint seeks punitive and compensatory damages as well as injunctive relief.

## **Discussion**

When considering a complaint accompanied by a motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989), <u>Douris v. Middleton Township</u>, 293 Fed. Appx. 130, 132 (3d Cir. 2008).  Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."  <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).

## **Department of Justice**

One of the Defendants named in the Complaint is the United States Department of Justice.  It is well settled that the United

3

States and other governmental entities are not persons and therefore not proper defendants in a federal civil rights action. Accardi v. United States, 435 F. 2d 1239, 1241 (3d Cir. 1970); see also Hindes v. F.D.I.C., 137 F.3d 148, 159 (3d Cir. 1998); Figueroa-Garay v. Muncipality of Rio Grande, 364 F. Supp.2d 117, 128 (D. P. R.  2005).

In Hindes, supra, the Court of Appeals for the Third Circuit held that a federal agency is not a "person" subject to § 1983 liability, whether or not it is in an alleged conspiracy with state actors.  Hindes, 137 F.3d at 158.  Similarly, in Shannon v. U.S. Parole Commission, 1998 WL 557584 *3 (S.D.N.Y. Sept. 2, 1998), the district court stated that "Bivens claims may not be maintained against federal agencies."  See also Duarte v. Bureau of Prisons, 1995 WL 708427 *2 (D. Kan. Nov. 3, 1995)(the BOP "is not a proper defendant in a Bivens action.").  Based on an application of the above standards, the Department of Justice is not properly named defendant and therefore entitled to entry of dismissal.

**Habeas Corpus**

Inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release.  Preiser v. Rodriquez, 411 U.S. 475 (1975).  The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus.  See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985). Habeas corpus review under 28

4

U.S.C. § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

The United States Supreme Court in Edwards v. Balisok, 520 U.S. 641, 646 (1997), similarly concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Based on the reasoning announced in Georgevich and Edwards, Plaintiff's present claim of illegal, excessive confinement is not properly raised in a civil rights complaint. Accordingly, it will be dismissed without prejudice to any right DeVaugh may have to pursue said challenge via a federal habeas corpus petition.

**Heck**

Finally, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whole unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

5

or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

As previously noted, DeVaugh seeks an award of compensatory and punitive damages based on his contention that the actions and non-actions of the Defendants have subjected him to an excessive, unlawful incarceration since April 30, 2014. Based on the nature of Plaintiff's allegations, a finding in his favor would imply the invalidity of that portion of his ongoing federal confinement. There is no indication that DeVaugh has successfully challenged either the issuance of the underlying federal parole detainer or the length of his ongoing incarceration.

Pursuant to Heck, DeVaugh's action to the extent that it seeks an award of monetary damages on the basis of illegal confinement is premature because he cannot maintain a cause of action for an unlawful conviction or an excessive imprisonment until the basis for the conviction and imprisonment is overturned.

## **Conclusion**

The Department of Justice is not a properly named Defendant. Second, DeVaugh's present allegations clearly challenge the validity of the duration of his ongoing confinement and as such more appropriate for federal habeas corpus review and not properly asserted in a civil rights action. See Thibodeau v. Watts, 2006 WL 89213 *2 (M.D. Pa. Jan. 11, 2006). Third, Plaintiff's requests for compensatory and punitive damages are premature under Heck.

Since Plaintiff's civil rights complaint is "based on an

6

indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774. Plaintiff, if he so chooses, may reassert his present claims in a properly filed § 2241 action.  An appropriate Order will enter.




<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 20, 2014